# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID Nos.:  1702000526 |
| | ) | 1702000035 |
| JERMAINE TINGLE | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 13, 2017
Decided:  December 1, 2017

On Defendant's Motion to Suppress Evidence
**DENIED**

## <u>ORDER</u>

Defendant moves to suppress evidence seized pursuant to two search warrants - for a residence and for a vehicle.  Defendant argues that the affidavits of probable cause supporting both warrants include a statement made in reckless disregard of the truth.  If Defendant's contention is meritorious, the challenged statement must be set aside.[1]  The Court then must review the remaining contents of the affidavit to determine whether probable cause for a search has been established.[2]

---

[1] *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

[2] *Id.*

The challenged portion of the affidavits at issue is the statement that a controlled drug buy took place "during the second half of February 2017." The affidavits are dated February 1, 2017.

When a search is performed pursuant to a warrant, Defendant has the burden of proving by a preponderance of the evidence that his constitutional rights were violated.[3] The exclusionary rule will not be applied to an otherwise valid warrant containing a merely clerical error.[4]

Reviewing the affidavits of probable cause in their entirety, it appears that the statements are set forth in chronological order. The phrase "second half of February 2017" is placed between events that take place in the first half of January 2017 and the January 31, 2017 traffic stop. Further, the affidavits are dated February 1, 2017. It is clear on the face of the affidavits that the controlled buy took place in the second half of January, not February. The error is clerical, and a technically inaccurate statement that was not made in reckless disregard of the truth.

---

[3] *State v. Sisson*, 883 A.2d 868, 875 (Del. Super. 2005).

[4] *State v. Fleming*, 1994 WL 233938, at *4 (Del. Super.).

The Court finds that a common sense reading of the four corners of the affidavits of probable cause and the warrants, demonstrates compliance with the constitutional standards protecting Defendant's rights.[5]

**THEREFORE,** Defendant's Motion to Suppress Evidence is hereby **DENIED.**

**IT IS SO ORDERED.**

Mary M. Johnston, Judge

---

[5] *See Illinois v. Gates*, 462 U.S. 213, 238-39 (1983).